953 F.2d 639
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert Lee THACKER, a/k/a Rabah Muhammad Ali, Plaintiff-Appellant,
v.
Gary T. DIXON; Gene T. Cousins, Defendants-Appellees.
 No. 91-6610.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 4, 1991.
Decided Feb. 3, 1992.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Wallace Wade Dixon, Magistrate Judge. (CA-87-1098-CRT-F)
 Argued: Jack Holtzman, North Carolina Prisoner Legal Services, Inc., Raleigh, N.C., for appellant; Sylvia Hargett Thibaut, Assistant Attorney General, North Carolina Department of Justice, Raleigh, N.C., for appellees.
 On Brief: Lacy H. Thornburg, Attorney General, LaVee Hamer Jackson, Assistant Attorney General, North Carolina Department of Justice, Raleigh, N.C., for appellees.
 E.D.N.C. [APPEAL AFTER REMAND FROM 912 F.2D 86].
 AFFIRMED.
 Before MURNAGHAN and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Rabah Muhammad Ali, an inmate committed to the custody of the North Carolina Department of Corrections, appeals an order of the Magistrate Judge. Ali was convicted and imprisoned in 1979 under the name Robert Thacker. However, in 1987 he legally changed his name to Ali to reflect his conversion to Islam. Arguing that the name Thacker had become offensive to him, he sought a ruling that prison officials must furnish him prison benefits and conduct official correspondence with him using only his religious name. The district court found that Ali can access prison services, including mail, health care, and grievance procedures, by using his "committed name" of Thacker followed by the notation "a/k/a Rabah Muhammad Ali." Because of the requirements of the computer system that handles prison trust accounts, Ali may use both names but must sign the name Thacker to access funds in his account. Prison officials testified that requiring them to delete "Thacker" from their central records would impose a substantial administrative burden; to provide services under the name "Ali" alone might require them to segregate Ali when he was transferred and would pose a risk that he might not receive appropriate medication for his hypertension or that funds in his account might be improperly credited.
 
 
 2
 To assess the permissibility of the requirement that Ali use both names in accessing services, the district court applied the four-part test for such claims set forth by the Supreme Court in Turner v. Safley, 482 U.S. 78 (1987). The Turner factors are: (1) whether the challenged regulation bears a rational connection to the interest put forward to support it; (2) whether the prison permits alternative means of exercising the constitutional right upon which the regulation impinges; (3) the impact of granting the requested relief upon the prison staff and inmates, and upon the use of prison resources; and (4) whether there exist ready and obvious alternatives that undermine the prison administration's assertion that the regulation is reasonable. 482 U.S. at 89-91.
 
 
 3
 The district court correctly concluded that the requirement that Ali use both names does not constitute an impermissible burden on his free exercise rights. Prison officials have made a reasonable effort to accommodate Ali's faith. While in their custody he is free to attend weekly Jumah services and worship on Muslim holy days, pray five times a day, wear a skullcap, eat a pork-free diet as required by the Koran, fast daily during the observance of Ramadan, give alms to the poor, meet with Muslim clergy, and possess a prayer rug and a Koran. He may use his legal name in all dealings with the prison, as long as he provides his committed name as well. Because of the burden more extensive accommodation would place on prison authorities, and because of the mandate of the Turner Court that reviewing courts "accord deference to the appropriate prison authorities," 482 U.S. at 85, these accommodations represent a reasonable balance between Ali's free exercise rights under the First Amendment and the requirements of prison administration and discipline.
 
 
 4
 Because we hold that the challenged practices do not represent an impermissible burden on Ali's rights, we need not consider the Department's contention that Ali's complaints do not spring from sincere religious belief.
 
 
 5
 AFFIRMED.